**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AUG 22 2005

ARLENE B COYLE, CLERK
By _____
Deputy

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ] ] ] |
| Plaintiff, | ] Civil Action No. 1:05CV196-D-D |
| v. | ] COMPLAINT |
| GEORGIA-PACIFIC CORPORATION | ] JURY TRIAL DEMAND |
| Defendant. | ] ] ] ] |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Billy R. Haynes who was adversely affected by such practices. The Commission alleges that the Defendant discriminated against Billy R. Haynes because of his race, black, by failing to promote him to the position of dryer superintendent at its Louisville, Mississippi, plant.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 703, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2.    The unlawful employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Eastern Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, the Defendant, Georgia-Pacific Corporation ("Georgia-Pacific" or the "Employer") has continuously been doing business in the State of Mississippi and the city of Louisville, and has continuously had at least 15 employees.

2

5.     At all relevant times, the Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Billy R. Haynes filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least January, 2003, Defendant has engaged in unlawful employment practices at its Louisville, Mississippi, facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  In particular, Defendant failed to promote Billy R. Haynes to the position of dryer superintendent at its Louisville, Mississippi, facility.

8.     The effect of the practices complained of in paragraph 7 above has been to deprive Billy R. Haynes of equal employment opportunities and otherwise adversely affected his status as an employee, because of his race, black.

9.     The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

3

10. The unlawful employment practices complained of in paragraphs 7, 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Billy R. Haynes.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race.

B.   Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all of its employees regardless of race and which eradicate the effects of its past and present unlawful employment practices.

C.   Order the Defendant to make whole Billy R. Haynes by providing appropriate relief, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant Employer to make whole Billy R. Haynes by providing him with compensation for non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8 and 9 above, including pain and

4

suffering, emotional distress, humiliation, isolation, depression, and loss of enjoyment of life, in amounts to be determined at trial.

    E.    Order Defendant Employer to pay Billy R. Haynes punitive damages for its malicious and reckless conduct described in paragraphs 7, 8 and 9 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1801 "L" Street, N.W.
Washington, DC  20507

5

s/ Charles E. Guerrier

CHARLES E. GUERRIER
Regional Attorney
Ohio State Bar ID #0023546

s/ Mason D. Barrett

MASON D. BARRETT
Senior Trial Attorney
Colorado State Bar ID #21309


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205-2886
Telephone: (205) 212-2047
Facsimile: (205) 212-2041